**SO ORDERED.**

**SIGNED this 15 day of April, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

TERRY L. ORR
KIMBERLY M. ORR

       Debtors

Case No.  08-33166

GORDON PERKINS
d/b/a HOBBY'S CARPET

       Plaintiff

v.

TERRY L. ORR and
KIMBERLY M. ORR

       Defendants

Adv. No.  08-3155

**MEMORANDUM AND ORDER ON
MOTION FOR JUDGMENT ON THE PLEADINGS**

This adversary proceeding is before the court upon the Complaint Objecting to Dischargeability of Indebtedness (Complaint) filed by the Plaintiff on October 27, 2008, seeking a

determination of dischargeability under 11 U.S.C. § 523(a)(2) (2006). The Defendants filed an Answer on February 12, 2009, denying any misrepresentations or elements of fraud. Thereafter, on March 2, 2009, the Defendants filed a Motion for Judgment on the Pleadings (Motion) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure which allows that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c) (applicable in adversary proceedings pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). On March 24, 2009, the Plaintiff filed his Response in opposition to the Defendants' Motion.

The court considers a motion under Rule 12(c) using the same standard as one under Rule 12(b)(6) and construes the complaint in a light most favorable to the nonmoving party, accepting all well-pled factual allegations as true, and determining whether the moving party is entitled to judgment as a matter of law. *Commercial Money Center, Inc. v. Illinois Union Insurance Company*, 508 F.3d 327, 336 (6th Cir. 2007). But whereas the merits of the claim are not considered in the case of a motion under Rule 12(b)(6), when faced with a Rule 12(c) motion, the court "is concerned with the merits; accepting the truth of the allegations and assuming *arguendo* that the plaintiff has stated a technically valid claim" and whether the defendant is entitled to a judgment on the merits. *Reed Elsevier, Inc. v. TheLaw.net Corporation*, 269 F. Supp. 2d 942, 947 (S.D. Ohio 2003).

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b) (applicable to adversary proceedings by virtue of FED. R. BANKR. P. 7009).

2

> In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud "with particularity," a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations. Indeed, Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony. *See, e.g., Credit & Finance Corp., Ltd. v. Warner & Swasey, Co.*, 638 F.2d 563, 566 (2d Cir. 1981). "Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1298, at 407 (1969).

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (footnote omitted). Accordingly, in order "to satisfy Federal Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud[,]'" but pursuant to Rule 8, these elements need only be pled "with a short and plain statement." *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)).

To satisfy § 523(a)(2)(A), the Plaintiff must prove that the Defendants obtained money or property through material misrepresentations which they knew were false or were made with gross recklessness, that the Defendants intended to deceive the Plaintiff, that the Plaintiff justifiably relied on the Defendants' false representations, and that the Plaintiff's reliance was the proximate cause of his losses. *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 760 (Bankr. E.D. Tenn. 2003). The Plaintiff, as the party seeking a determination of dischargeability, bears the burden of proving all elements of the statute by a preponderance of the evidence, *Grogan v. Garner*, 111 S. Ct. 654,

661 (1991), which is strictly construed against him but liberally construed in favor of the Defendants. *Copeland*, 291 B.R. at 759.

In his Complaint, the Plaintiff seeks a determination that a debt owed to him by the Defendants in the amount of $14,393.00 is nondischargeable, averring that when they sought his services installing flooring in their home, the Defendants represented to him that they were awaiting funds due to an insurance claim and he would be paid when they received the funds; that he relied upon their representations, however, they did not pay as promised when the funds were received. In their Answer, the Defendants admit that they received services from the Plaintiff, that they advised him of a pending insurance claim, and that they used a portion of the insurance proceeds to pay the Plaintiff's debt but used a portion to pay other debts and still owed $14,393.00 to the Plaintiff.

Taking the Complaint in a light most favorable to the Plaintiff, the court finds that he has sufficiently pled facts that, if proved, could entitle him to a determination of nondischargeability. Accordingly, the Defendants are not entitled to judgment on the pleadings and their Motion for Judgment on the Pleadings filed on March 2, 2009, is DENIED.

###